UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY KLOS,

     Plaintiff,

v.                          CASE NO: 8:08-cv-843-T-23TBM

HENRY M. PAULSON, JR., in his capacity
as Secretary of the Treasury,

     Defendant.

_____/

## **ORDER**

The plaintiff sues Henry M. Paulson, the Secretary of the Treasury, and alleges

that the Secretary fails to comply with Section 102 of the "Presidential $1 Coin Act of

2005" (the "Coin Act").[1]  Section 102 amends 31 U.S.C. § 5112 by adding

subsection 5112(n), entitled "Redesign and Issuance of Circulating $1 Coins Honoring

Each of the Presidents of the United States," which directs the Secretary to issue one

dollar coins bearing designs that "are emblematic of the Presidents of the United

States," 31 U.S.C. § 5112(n)(1)(A), and directs that the issuance of coins shall continue

until "each President has been so honored," 31 U.S.C. § 5112(n)(8).  The plaintiff

alleges that the Secretary violates the Coin Act by refusing to issue a coin bearing the

image of each "president" who served under the Articles of Confederation, denominated

_____

[1]  Pub. L. No. 109-145, 119 Stat. 2664 ("An Act to Require the Secretary of the Treasury to Mint
Coins in Commemoration of Each of the Nation's Past Presidents and Their Spouses, Respectively, to
Improve Circulation of the $1 Coin, to Create a New Bullion Coin, and for Other Purposes.").

by the plaintiff as the "Constitution of 1777."  The plaintiff seeks (a) a declaration

pursuant to 28 U.S.C. § 2201 that each "Constitution of 1777 President" is a President

of the United States within the meaning of the Coin Act and that the Coin Act requires

the Secretary to issue a one dollar coin bearing the image of each "Constitution of 1777

President," and (b) an order pursuant to 28 U.S.C. § 1361 compelling the Secretary to

issue the statutorily required one dollar coins.

Section 102 of the Coin Act provides that "[t]he coins issued under this subsection

commemorating Presidents of the United States shall be issued in the order of the

period of service of each President, beginning with President George Washington."

Pub. L. No. 109-145, § 102; 119 Stat. 2664, 2666; 31 U.S.C. § 5112(n)(3)(A) (emphasis

added).  Accordingly, the defendant argues that the Coin Act neither requires nor

authorizes the Secretary to issue a coin bearing the image of any "Constitution of 1777

President," each of whom preceded President Washington.  Accordingly, the defendant

moves (Doc. 11) to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of

Civil Procedure.[2]

In response (Doc. 12), the plaintiff (a) notes the liberal notice pleading standard

under the federal rules and the fact that "a well-pleaded complaint may proceed even if

it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a

recovery is very remote and unlikely," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,

1965 (2007) (internal quotation marks omitted), and (b) argues that the defendant's

---

[2]  Although the plaintiff's claim of standing to sue (Doc. 1 ¶ 11) appears actually doubtful, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim,'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 561  (1992).

motion should be denied because the defendant is "seeking resolution of the pivotal issue in this case, interpretation of the term 'president' within the meaning of the Presidential Coin Act, by a motion to dismiss" and "[t]his issue cannot be determined in the context of a motion to dismiss."

The plaintiff misconstrues Rule 12(b)(6).  On a motion to dismiss for failure to state a claim, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and must construe the factual allegations most favorably to the plaintiff, Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  However, "legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).  The defendant disputes no fact alleged in the complaint.  Instead, the defendant contests a legal conclusion–that the Coin Act requires the Secretary to issue a one dollar coin bearing the image of each "Constitution of 1777 President"–essential to the plaintiff's right to relief.  The Coin Act's requirement that the coins be issued "in the order of the period of service of each President, beginning with President George Washington" strongly supports the defendant's contention, and the plaintiff offers no convincing argument, explanation, or citation of authority[3] to support a contrary interpretation of the statute.[4]  Because the Coin Act neither requires nor authorizes the

---

[3]  The plaintiff's March 20, 2008, letter to Secretary Paulson (Doc. 1-3 at 4) informs the Secretary that the Coin Act, properly implemented, "can do more than Congress and President Bush ever envisioned" to honor the pre-1789 presidents.

[4]  An April 1, 2008, letter from Patrick M. McAfee, the Director of the "Office of $1 Coin Programs," to the plaintiff (Doc. 1-4) plausibly explains why Congress excluded the "Constitution of 1777 Presidents": although the "Constitution of 1777 Presidents" "were known as 'Presidents of the United States in Congress Assembled,'" "[a] president in this role functioned exclusively under the sponsorship of, and in

(continued...)

Secretary to issue a coin bearing the image of each "Constitution of 1777 President," the complaint asserts no cognizable right to relief under 28 U.S.C. § 1361 and declaratory relief under 28 U.S.C.§ 2201 is inappropriate.

The plaintiff's wish to correct what he regards as a widespread misconception about those who served the nation under the Articles of Confederation is laudable. However, the plaintiff's remedy, if any, lies in the legislature.  The defendant's motion (Doc. 11) is **GRANTED**.  Because amendment would be futile, the complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted.  The Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on July 14, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

(...continued)
service to, the Congress.  He was the presiding officer of Congress, chaired the Committee of the States . . . when Congress was in recess, and was responsible for other administrative duties.  His role was not as a chief executive in the way the Presidents of the United States from George Washington to the present have been."